# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

GUY BENTLEY MEEKER JR.,

        Plaintiff,

-against-

STATE FARM FIRE AND CASUALTY INSURANCE,

        Defendant.

Index No.

Filing Date: May 3, 2023

**SUMMONS WITH NOTICE**

Plaintiff designates New York County as the place of trial

The basis of venue is plaintiff's place of residence

**To the above named Defendant:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       May 3, 2023

                                            LANDY WOLF, PLLC

                                            By: _____
                                                Steven Landy
                                                *Attorneys for Plaintiff*
                                                270 Madison Avenue, Suite 1801
                                                New York, New York 10016
                                                Tel: (212) 682-8510

To    State Farm Fire and Casualty Insurance
       P.O. Box 88049
       Atlanta Georgia 30356-9901

    **NOTICE:** Plaintiff is the owner of the building known as and located at 333 Carpenter Avenue, Newburgh, New York 12550 (the "Building"), which is covered by an insurance policy issued by the Defendant, under policy number 92-CC-J188-7 (the "Policy"). On or about February 3, 2023, a series of pipes froze and ruptured, causing extensive damage throughout the Building. On February 6, 2023, Plaintiff filed claim number 32-45G7-37X ("Claim") with the Defendant, in which he sought Defendant's confirmation that remediation efforts would be promptly undertaken

by the insurer, and that the damage to the Building would be covered by the Policy. Nearly two months have passed, and Defendant still has not confirmed that the damage to the Building is covered by the Policy and Defendant has not completed a loss assessment. Defendant has refused to authorize or implement remediation or repairs to the Building. Defendant's unexcused delay in doing so has led to the growth of mold and otherwise exacerbated the damage to the Building.

**RELIEF SOUGHT:** Plaintiff seeks a declaratory judgment: a) that the defendant is obligated to honor and cover the Claim; b) that the cost to remediate and repair the Building is covered by the Policy; and c) that Plaintiff has a valid claim against Defendant for property damage to the Building in an amount presently unascertainable but believed to exceed $500,000.00, together with the costs and expenses of this action, including all Plaintiff's reasonable attorneys' fees, and for such other and further relief as the Court deems just and proper.

**UPON YOUR FAILURE TO APPEAR**, judgment will be taken against you by default for the costs and expenses of this action, including all reasonable attorneys' fees, and for the compensatory, statutory and equitable relief specified above.